Hollynn D'LIL, Plaintiff—Appellant,

v.

ANAHEIM HOTEL PARTNERSHIP, a California limited partnership; Sun Cal Investments No. 2, a Texas limited partnership; Capital Concepts Properties 84–A, a California limited partnership, Defendants—Appellees.

No. 01–56547.
D.C. No. CV–99–09286–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided July 30, 2002.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

## MEMORANDUM*

Hollynn D'Lil appeals the district court's partial grant of summary judgment for the Anaheim Hilton & Towers Hotel as to whether the hotel is required to install roll-in showers under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181–12189. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand. As the parties are familiar with the facts and procedural history of the case, we will not repeat them here except as necessary. We review a grant of summary judgment de novo. *Bo-*

*tosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000).

The ADA requires the Anaheim Hilton to install roll-in showers in fifteen[1] of its 1,572 rooms only if the hotel's current lack of roll-in showers (1) constitutes an "architectural barrier" (2) whose removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The district court based its partial grant of summary judgment on the conclusion that there was no architectural barrier. However, it is undisputed that the lack of rooms with roll-in showers at the Anaheim Hilton makes it impossible for D'Lil to utilize an essential element of the hotel room—namely, the bathing facilities. It is no answer for the hotel to say that the tub is accessible to those who can use a lifting device. The problem is that bathing is impossible for those who cannot; persons like D'Lil require roll-in showers. Recognizing that an otherwise accessible bathroom may still pose a barrier to certain wheelchair-bound patrons, the ADAAG guidelines require new hotels with more than fifty rooms to provide rooms with roll-in showers, not merely rooms with so-called handicapped-accessible bathtubs. *See* 28 C.F.R. Pt. 36, App. A at 9.1.2. It is true that, as a general proposition, ADAAG applies only to new construction and to buildings undergoing alterations. *See* 42 U.S.C. § 12183. However, ADAAG's requirement of roll-in showers in new buildings demonstrates that the *lack* of roll-in showers is both a barrier and the kind of barrier the ADA was intended to overcome. Otherwise, ADAAG would not require roll-in showers at all.

---

1. Section Nine of the ADAAG guidelines, "Accessible Transient Lodging," contains a table showing the number of rooms with roll-in

showers required, depending on the total number of rooms in the facility. 28 C.F.R. Pt. 36, App. A at 9.1.2. A facility with 150 rooms, for example, is required to provide two roll-in showers, while the Anaheim Hilton would be required to have fifteen.

But that doesn't end the matter. Public accommodations are required to remedy only those architectural barriers whose removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense," and lists four factors to assist "[i]n determining whether an action is readily achievable." 42 U.S.C. § 12181(9). The parties agree that the installation of a roll-in shower will cost $8,696.64 per room, or $130,449.60 for fifteen, and they entered into a stipulation below stating that "[a]s to a readily achievable defense ... defendants will not claim lack of financial ability to install roll-in showers at Anaheim Hilton & Towers."

The Anaheim Hilton urges us to affirm on the basis that the installation of fifteen roll-in showers is not readily achievable. Although the parties filed cross-motions for summary judgment, they did not furnish the district court with all the information it would need to decide whether the installation of roll-in showers at the Anaheim Hilton is readily achievable as a matter of law. By virtue of 42 U.S.C. § 12181(9), that question involves more than just knowing that the defendants will not claim lack of financial ability. Genuine issues of material fact remain as to whether the installation is readily achievable. Therefore, we reverse the partial grant of summary judgment and remand for further proceedings consistent with this disposition.

REVERSED AND REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. Ap. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.